# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| CONZALOS GLASCO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:11-cv-1043-TWP-DML |
| | ) | |
| CASE MANAGER HINSHAW, | ) | |
| SGT. MATLOCK, SGT. KRULL, | ) | |
| OFFICER REEVE, NURSE TAFOYA, | ) | |
| | ) | |
| Defendants. | ) | |

## Entry Granting Motion for Summary Judgment

This matter is before the Court on Defendants Vedora Hinshaw ("Mr. Hinshaw"), Johnathon Matlock ("Mr. Matlock"), Michael Krul ("Mr. Krul"), and William Reeve's ("Mr. Reeve") (collectively the "defendants"), motion for summary judgment. Plaintiff Conzalos Glasco ("Mr. Glasco"), a state prisoner, has filed an action which alleges on May 3, 2011, while incarcerated at the New Castle Correctional Facility, prison officers were deliberately indifferent to the risk that he would be injured and the risk consisted of assigning him to a top bunk despite a prior injury to his "left hand thumb joint area." The Defendants[1] deny that they had the authority to assign Mr. Glasco to a bottom bunk and assert they were unaware Mr. Glasco's medical needs required a bottom bunk.

For the reasons explained below, the Defendants' motion [Dkt. 31] is **GRANTED**.

---

[1] Defendant Nurse Tafoya has not appeared in this action and has not joined in the defendants' motion. This Entry does not resolve the claim alleged against her.

**Summary Judgment Standard**

"As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1103 (7th Cir. 2008) (citations omitted). The motion for summary judgment in this civil rights action, as with any such motion, must be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears "the initial responsibility of informing the district court of the basis for its motion," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), and must demonstrate that no genuine issue of material fact exists for trial. *Id.* at 322.

Once the moving party demonstrates that there is no genuine issue of material fact, the nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. See *Harney,* 526 F.3d at 1104 (citing cases). The party opposing a summary judgment motion bears an affirmative burden of presenting evidence that a disputed issue of material fact exists. *See Wollin v. Gondert,* 192 F.3d 616, 620 (7th Cir. 1999). The opposing party must "go beyond the pleadings" and set forth specific facts to show that a genuine issue exists, *id.,* at 621, and must do this not with conclusory statements or speculation, but only with appropriate citations to relevant admissible evidence. *Brasic v. Heinemann's Inc., Bakeries,* 121 F.3d 281, 286 (7th Cir. 1997). "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to

rebut the motion.@ *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted). If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372 (2007).

Mr. Glasco has opposed the motion for summary judgment, but his response is inadequate to create a genuine issue of material fact. Local Rule 56-1(b) requires a brief in opposition to a motion for summary judgment to include a section labeled AStatement of Material Facts in Dispute@ which responds to the movant=s asserted material facts by identifying the potentially determinative facts and factual disputes which the nonmoving party contends demonstrate that there is a dispute of fact precluding summary judgment. These facts must be supported by appropriate citations to admissible evidence. *See* Local Rule 56-1(e). Although we construe pro se filings liberally, pro se litigants are not exempt from procedural rules. *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008); s*ee also Greer v. Bd. of Educ., of the City of Chicago,* 267 F.3d 723, 727 (7th Cir. 2001); *Members v. Paige,* 140 F.3d 699, 702 (7th Cir. 1998) (stating that procedural rules "apply to uncounseled litigants and must be enforced").

Mr. Glasco=s failure to properly oppose the motion for summary judgment with a statement of material facts in dispute supported by admissible evidence has a particular consequence, which is that he has admitted the truth of the defendants' statement of material facts for purposes of the court acting on the motion for summary judgment. See *Johnson v. Gudmundsson,* 35 F.3d 1104, 1108 (7th Cir. 1994). This is the result of Local Rule 56-1(f), of which Mr. Glasco was notified. This

does not alter the standard for assessing a Rule 56 motion, but does Areduc[e] the pool@ from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## Material Facts

Applying the foregoing standard, the undisputed material facts are as follows: On May 3, 2011, Mr. Glasco was an inmate incarcerated in the New Castle Correctional Facility, located in New Castle, Indiana. On that date, Mr. Glasco's bunk assignment was changed from a lower bunk to an upper bunk. The assignment of inmates to a top bunk or a bottom bunk is a decision of the Unit Team Manager. Offenders are assigned to certain population units, bunks, and buildings based on their status of physical fitness.

On May 3, 2011, Vedora Hinshaw, Michael Krul, Johnathon Matlock, and William Reeve did not have any authority to change the bunk assignment of Mr. Glasco. At the time he was notified of the bunk change, Mr. Glasco informed certain defendants that he believed that if he climbed onto a top bunk he would reinjure his "left hand thumb joint area." Pl's Compl., page 4. In response to his assertion, Vedora Hinshaw requested that Mr. Glasco provide her with a bottom bunk pass. Mr. Glasco presented Vedora Hinshaw with a bottom bunk pass dated January 2011 that was valid for thirty (30) days. Based on the lack of a current bottom bunk pass, Mr. Glasco was ordered to change his bunk to the top bunk. Mr. Glasco refused to move to the top bunk and because of his failure to comply with an Order, he was charged with the Class C Offense (356) of Refusing an Assignment, to which he entered a plea of guilty.

On June 3, 2011, Mr. Glasco filed an Offender Grievance form with the Executive Assistant at the New Castle Correctional Facility wherein he grieved solely the issue of his bunk assignment on May 3, 2011. The Grievance was investigated by Barry Holder, designee of the Executive Assistant, and was denied for the reason that the proper protocol for securing a bottom bunk pass was not followed by Mr. Glasco. Mr. Glasco completed the grievance process by filing a formal appeal, the result of which was a concurrence with the Level 1 Response.

## Discussion

Mr. Glasco's claim is brought pursuant to 42 U.S.C. § 1983. "Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, "the first step in any [' 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994). Mr. Glasco's claim implicates the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993).

To succeed on a conditions of confinement claim under the Eighth Amendment, a plaintiff must demonstrate that 1) he was incarcerated under conditions that posed a substantial risk of serious harm and 2) the defendants were deliberately indifferent to that risk. *Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008)(citing cases).

In this case, the first question is whether the adverse conditions complained of (that is, requiring Mr. Glasco to climb to the top bunk with his chronic hand

injury) is "sufficiently serious," such that the acts or omissions of prison officials deprived Mr. Glasco of the "minimal civilized measure of life's necessities." *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 664 -665 (7th Cir. 2012). Mr. Glasco has not presented any evidence upon which a reasonable jury could conclude that the risk of harm created by requiring him to climb to the top bunk, was sufficiently serious to satisfy the requirement of the Eighth Amendment. *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004)(applying the standard that the risk or deprivation must be objectively serious, Aone that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency@). This failure is fatal to Mr. Glasco's Eighth Amendment claim. *Lewis v. Holsum of Ft. Wayne, Inc.,* 278 F.3d 706, 709 (7th Cir. 2002) (on summary judgment, "a complete failure of proof concerning an essential element of the [nonmovant's] case necessarily renders all other facts immaterial") (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)); *Ortiz v. John O. Butler Co.,* 94 F.3d 1121, 1124 (7th Cir. 1996)(same).

Even if the evidentiary record relative to the motion for summary judgment could permit a reasonable trier of fact to conclude that Mr. Glasco's risk of injury in being assigned to an upper bunk was sufficiently serious, Mr. Glasco must also show that the defendants were deliberately indifferent to the risk of harm created by the top bunk assignment. *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011) ("In a § 1983 case, the plaintiff bears the burden of proof on the constitutional deprivation that underlies the claim, and must present sufficient evidence to create genuine issues of material fact to avoid summary

judgment.")(*citing McAllister v. Price,* 615 F.3d 877, 881 (7th Cir. 2010)).

The element of deliberate indifference requires Aa very high standard of culpability, exceeding gross negligence.@ *Ross v. Duggan,* 402 F.3d 575, 590 n.7 (6th Cir. 2004). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).

Applying the relevant legal standard to the undisputed facts viewed in the light most favorable to Mr. Glasco, he has not shown that the Defendants were deliberately indifferent to the threat of harm caused by the top bunk assignment. Moreover, Mr. Glasco has not presented evidence that would permit a finding that the Defendants were subjectively aware of the risks posed by assigning Mr. Glasco to a top bunk and recklessly failed to take appropriate steps to alleviate that risk. *Miller v. Harbaugh,* 698 F.3d 956, 962 (7th Cir. 2012). There is no evidence that Mr. Glasco had a valid bottom bunk pass on May 3, 2011, or that any of the Defendants had authority to assign a bottom bunk pass. Instead, the evidence reflects that 1) the defendants did not have authority to assign Mr. Glasco to a certain bunk, and 2) they did not know of any medical condition that would require Mr. Glasco to be assigned to a bottom bunk. Under these circumstances, a reasonable trier of fact could not find that the defendants' order that Mr. Glasco assume his assigned top bunk on May 3, 2011, resulted from their deliberate indifference to a serious risk of harm to Mr. Glasco.

## Conclusion

To defeat the summary judgment motion, Mr. Glasco must come forward with evidence sufficient to create a genuine issue of fact that each defendant had "actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Lewis v Richards*, 107 F.3d 549, 553 (7th Cir. 1997) (internal quotation omitted). Mr. Glasco's =s allegations of exposure to a risk of harm through his assignment to an upper bunk are not sufficient to create a genuine issue of fact.

"Summary judgment is appropriate--in fact, is mandated--where there are no disputed issues of material fact and the movant must prevail as a matter of law." *Dempsey v. Atchison, Topeka and Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994). This is the case here. Defendants Vedora Hinshaw, Johnathon Matlock, Michael Krul, and William Reeve are entitled to judgment as a matter of law. The Defendants' motion for summary judgment [Dkt. 31] is **GRANTED**.

This Entry does not resolve the claim alleged against defendant Nurse Tafoya. No partial final judgment shall issue at this time as to the claim resolved in this Entry.

**IT IS SO ORDERED.**

Date: 03/19/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

CONZALOS GLASCO
890756
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

All Electronically Registered Counsel