**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| CONZALOS GLASCO, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 1:11-cv-1043-TWP-DML |
| ) | |
| CASE MANAGER HINSHAW, ) | |
| SGT. MATLOCK, SGT. KRULL, ) | |
| OFFICER REEVE, NURSE TAFOYA, ) | |
| ) | |
| Defendants. ) | |

**Entry Granting Nurse Tafoya's Motion for Summary Judgment**

Plaintiff Conzalos Glasco filed the present action against Nikki Tafoya, RN, among others, alleging a violation of his Eighth Amendment rights. Glasco alleges that Nurse Tafoya was deliberately indifferent to his serious medical needs by intentionally disregarding his medical records, which he alleges require him to have a bottom bunk, and forcing him to sleep on a top bunk. Nurse Tafoya seeks resolution of the claims alleged against her through summary judgment.

For the reasons explained below, the unopposed motion for summary judgment [dkt. 55] is **GRANTED** and Nurse Tafoya is entitled to judgment as a matter of law.

**BACKGROUND**

In May 2011, Nurse Tafoya was employed as a staff nurse at the New Castle Correctional Facility where Glasco was an inmate. On May 3, 2011, Glasco's bunk assignment was changed from a lower bunk to an upper bunk. The assignment of inmates to a top bunk or a bottom bunk is a decision of the Unit Team Manager. At the time that his bunk assignment was changed, Glasco believed that if he climbed onto a top bunk, he would reinjure his left hand.

On or about May 5, 2011, Nurse Tafoya was contacted by a corrections officer, whom she believes to be Sergeant Rees, who requested confirmation of whether Glasco had a valid bottom bunk pass in his medical chart. After receiving the request from Sergeant Rees, Nurse Tafoya reviewed Glasco's medical chart, determined that it did not contain a valid bottom bunk pass, and relayed that information to Sergeant Rees. At the time, Nurse Tafoya did not have the authority or ability to change Glasco's bed assignment, to make a medical determination that Glasco required a bottom bunk pass, or to issue a bottom bunk pass to Glasco. She also did not make any determination at that time that he did not require a bottom bunk pass or any other determination with respect to his bed assignment.

## LEGAL STANDARD

"Summary judgment is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005) (*quoting* Rule 56(c) of the *Federal Rules of Civil Procedure*). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). By not responding to the motion for summary judgment, Glasco has conceded to Nurse Tafoya's version of the facts. *Brasic v. Heinemann=s Inc.,* 121 F.3d 281, 286 (7th Cir. 1997). This is the result of Local Rule 56-1(f), of which the plaintiff was notified. This does not alter the standard for assessing a Rule 56 motion, but does Areduc[e] the pool@ from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

**DISCUSSION**

Glasco's claim is brought pursuant to 42 U.S.C. § 1983. "Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, "the first step in any ['] 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994). Glasco alleges that Nurse Tafoya violated the Eighth Amendment's proscription against cruel and unusual punishment by acting with deliberate indifference to his serious medical needs.

To survive summary judgment Glasco must satisfy two elements, one objective and one subjective. *McGee v. Adams*, 721 F.3d 474, 480 (7th Cir. 2013). To satisfy the objective element in the medical care context, Glasco must "present evidence supporting the conclusion that he had an objectively serious medical need." *Id.* (internal quotation omitted). "'A medical need is considered sufficiently serious if the inmate's condition has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir.2012) (*quoting Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011)). As for the subjective element, Glasco must show that Nurse Tafoya was aware of his serious medical need and was deliberately indifferent to it. *McGee*, 721 F.3d at 480.

Nurse Tafoya argues that Glasco is unable to demonstrate either the objective or subjective components of his Eighth Amendment claim that she was deliberately indifferent to his serious medical needs and, therefore, summary judgment should be entered in her favor. Nurse Tafoya's argument is persuasive. There is no evidence that Glasco suffered a serious medical condition on May 5, 2011. Similarly, there is no evidence that Nurse Tafoya was deliberately indifferent to Glasco's medical needs or to any threat of harm he faced. The

undisputed evidence in this case demonstrates that Nurse Tafoya was contacted via telephone by a corrections officer who asked her to look into Glasco's medical chart to determine the presence of a valid bottom bunk pass. Nurse Tafoya did as requested, discovered that Glasco's medical chart did not contain any such pass, and relayed that information to the requesting officer. There is no evidence in this case upon which a reasonable jury could conclude that Nurse Tafoya was subjectively aware of the alleged risks posed to Glasco by assigning him to a top bunk and recklessly failed to take appropriate steps to alleviate that risk.

## CONCLUSION

For the reasons stated above, Nurse Tafoya's motion for summary judgment [dkt. 55] is **GRANTED.** This Entry along with the Entry of March 19, 2013, resolves all claims against all parties. All defendants are entitled to judgment as a matter of law.

Judgment consistent with these Entries shall now issue.

**IT IS SO ORDERED.**

Date: 10/07/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

CONZALOS GLASCO
890756
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064